HENRY M. LELAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILFRED C. LELAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7768, 7769.    Promulgated October 24, 1927.

Petitioners filed tax returns for the year 1917 on March 30, 1918, and thereafter, on December 1 and 31, 1922, respectively, entered into agreements in writing with the Commissioner whereby they consented to a determination, assessment and collection of the amount of tax for 1917, irrespective of any period of limitation. In February, 1923, and January, 1924, additional taxes were assessed against petitioners for 1917, and both were jeopardy assessments. On April 11, 1923, the Commissioner announced that "unlimited waivers for 1917" would be held to expire April 1, 1924. On August 4, 1925, respondent finally determined the deficiencies herein, and mailed deficiency notices to petitioners. *Held,* that collection of the taxes involved herein is barred by the statute of limitations.

*Jacob Mertens, Jr., Esq.,* and *Elmont B. Hazard, Esq.,* for the petitioners.

*Harold Allen, Esq.,* for the respondent.

These two proceedings, which were consolidated for the purpose of hearing and decision, are for the redetermination of deficiencies in the amount of $23,210.29 in the case of Henry M. Leland, and $28,057.30 in the case of Wilfred C. Leland, income and profits taxes for the year 1917.

By order of the Board the hearing was limited to the issues of law and fact as to the application of the statute of limitations in each of these proceedings. Of the deficiencies for 1917, 1919, and 1920, 1917 is the only year in which the issue is raised as to the statute of limitations.

### FINDINGS OF FACT.

On March 30, 1918, both the petitioners filed their income-tax returns for the taxable year ended December 31, 1917. In February, 1923, the Commissioner assessed an additional tax of $36,703.81 against Henry M. Leland and in January, 1924, assessed an additional tax of $36,761.44 against Wilfred C. Leland. Both of the additional assessments were for the taxable year 1917, and were jeopardy assessments.

Henry M. Leland entered into an agreement in writing with the Commissioner dated December 1, 1922, whereby he and the Commissioner consented to a determination, assessment and collection of the amount of income and excess-profits taxes for the taxable year 1917, irrespective of any period of limitation. This agreement was as follows:

In pursuance of the provisions of subdivision (d) of Section 250 of the Revenue Act of 1921, H. M. Leland of Detroit, Mich. and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of the said H. M. Leland for the year 1917 under the Revenue Act of 1921, or under prior income, excess-profits, or war-profits tax Acts, or under Section 38 of the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes", approved August 5, 1909, irrespective of any period of limitations.

W. C. Leland entered into a similar agreement with the Commissioner, dated December 31, 1922.

On April 11, 1923, the Commissioner forwarded a letter to collectors of internal revenue, internal revenue agents in charge, and others, which letter was subsequently published in the Internal Revenue Bulletin of the Treasury Department. The mimeographed letter so forwarded reads as follows:

TREASURY DEPARTMENT,
OFFICE OF THE COMMISSIONER OF INTERNAL REVENUE,
*Washington, D. C., April 11, 1923.*

Unlimited Waivers for 1917 Held to Expire April 1, 1924.

*To Collectors of Internal Revenue, Internal Revenue Agents in Charge and Others Concerned:*

The form of waiver now in use extends the time in which the assessment of 1917 income and excess profits tax may be made to one year from the date of signing by the taxpayer. Inasmuch as there are many waivers on file signed by taxpayers containing no limitation as to the time which assessments for 1917 may be made, all such unlimited waivers will be held to expire April 1, 1924.

(Signed)      D. H. BLAIR,
*Commissioner.*

On August 4, 1925, the respondent mailed to the petitioners herein deficiency notices advising of the deficiency in the case of Henry M. Leland of $23,210.29 and in the case of W. C. Leland in the amount of $28,057.30.

OPINION.

TRAMMELL: From the pleadings and the deficiency notice introduced in evidence, it appears that the deficiencies here involved are portions of the amount of additional taxes which were assessed in February, 1923, and January, 1924, respectively. These being jeopardy assessments, the Commissioner did not finally determine the deficiencies until the letter of August 4, 1925.

The issue involved is whether the collection of the tax for 1917 was barred by the statute of limitations at the time of the mailing of the deficiency notices by the respondent. In the case of *Wirt Franklin,* 7 B. T. A. 636, we held that unlimited income and profits-tax waivers consenting to the determination, assessment and collection of tax for the year 1917 expired on April 1, 1924, by virtue of the Commissioner's letter of April 11, 1923. The facts here can not be distinguished from the facts in that case, and upon authority of that case we must hold that the collection of the tax involved in these two proceedings for the year 1917 is barred by the statute of limitations.

The proceedings will be restored to the General Calendar for hearing in due course upon the issues raised as to the years 1919 and 1920.

*Judgment of no deficiency for the year 1917 will be entered.*

Considered by MORRIS, MURDOCK, and SIEFKIN.